UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID WEST** | **CIVIL ACTION** |
| **VERSUS** | **NO:     14-1867** |
| **STATE OF LOUISIANA** | **SECTION: "N" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). After conducting a frivolousness review, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Summary

The Plaintiff, David West ("West"), is an inmate incarcerated in the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. West filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana. He filed a motion to amend the complaint which was granted, permitting him to name Orleans Parish District Attorney's Office[1], and the City of New Orleans as additional defendants.

West alleges that the Orleans Parish's local procedures for selecting grand and petit juries were unconstitutional and resulted in his 1991 second-degree murder conviction. He therefore

---

[1] West referenced the Orleans Parish District Attorney's Office as the "Orleans District Attorney's Office." An analysis on the Orleans Parish District Attorney's Office as a Defendant is not necessary because West's claim is already barred by *Heck* and on other grounds.

seeks money damages for the alleged unconstitutional procedure utilized by the State to convict him.

In the complaint filed on April 28, 2014, West further alleged that the Louisiana State Legislature had no justification for the unconstitutional implementation of local laws that controlled the jury selection process. *See* R. Doc. 1-1, at 3. Relying on *State of Louisiana v. Dilosa,* 848 So.2d 546, 547 (La. 2003), West alleged that the processes by which the grand juries and petit juries were selected in Orleans Parish, in effect, created "one method of criminal law for the City of New Orleans . . . and another method for criminal law for the remainder of the state" in violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 5 (citing *Dilosa*, 848 So.2d at 547).

## II.   Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding in *forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and

2

delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III. Analysis**

    **A. The *Heck* Doctrine**

West's claim that the local procedure used by the State to convict him violated the constitution pursuant to *State v. Dilosa* is barred by the *Heck* doctrine. *Heck v. Humphrey,* 512 U.S. 477, 486 (1994). In *Heck,* the Court noted that the two most "fertile sources of federal-court prisoner litigation . . . are 42 U.S.C. § 1983 and 28 U.S.C. § 2254 (habeas corpus)." *Id.* at 480. Both statutes provide redress for "claims of unconstitutional treatment at the hands of state officials" but they "differ in scope and operation." *Id.* A § 1983 claim does not require that the plaintiff exhaust state remedies, even if the suit is brought by a state prisoner. *Id.* (citing *Patsy v. Board of Regents of Fla.* 457 U.S. 496, 501 (1982)). By contrast, a habeas corpus claim requires state prisoner plaintiffs to exhaust all remedies in "a state forum." *Id.* at 481.

In *Heck*, the Supreme Court held that a § 1983 plaintiff can recover "damages for allegedly unconstitutional conviction or imprisonment" only when the § 1983 plaintiff demonstrates that the conviction at issue has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id* at 487. Therefore, "when a state prisoner seeks damages in a § 1983 claim, the court . . . must consider" whether or not a favorable judgment for the plaintiff "would imply the validity of the conviction"

*Id.* If a favorable judgement implies the invalidity, then the complaint must be dismissed "unless the plaintiff can demonstrate that the conviction" has previously been invalidated. *Id.* If a favorable judgment would not imply the invalidity of the conviction, then the claim should be "allowed to proceed." *Id.*

West is a state prisoner who has filed a § 1983 claim challenging the validity of his second-degree murder conviction. West's requested relief should be denied for two reasons: (1) a § 1983 claim is an inappropriate avenue for this type of relief because if West received a judgment in his favor, then such a judgment would imply that his second-degree murder conviction is invalid and should be overturned and (2) West has failed to demonstrate to this Court that his second-degree murder conviction has been previously invalidated or called into question.[2] Therefore, West's claim of money damages bears a relationship to his conviction that has not been invalidated. As a result, West's claim is not cognizable under § 1983 and therefore should not be allowed to proceed. The relief that West seeks is regulated by the law of habeas corpus and is barred by *Heck.*

It is well established that "prisoners have a constitutionally protected right" to seek redress in the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Notwithstanding that right, "no one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson,* 523 F.2d 798, 800 (5th Cir. 1975).

---

[2] West was convicted of first-degree murder in 1986 in the Criminal District Court, Parish of Orleans and from that conviction he appealed. *State of Louisiana v. David West* 552 So.2d 478, 478 (La. App. 4th Cir. 1989). The first-degree murder conviction was upheld by the Court of Appeal of Louisiana. *Id.* at 485. The Supreme Court of Louisiana granted certiorari, reversed the judgment of the appeals court, and remanded the case to the district court for a new trial. *State of Louisiana v. David West,* 568 So.2d 1019, 1025 (La. 1990). West was retried and convicted of second-degree murder. *State v. West,* 618 So.2d 1246 (La. App. 4th Cir. 1993).

West's history indicates that he has engaged in a pattern of frivolous filings seeking habeas relief from his 1991 second-degree murder conviction.[3]  Further, West now attempts to seek habeas corpus relief shrouded in a § 1983 suit, which is indicative of the fact that West was unsuccessful with his prior habeas corpus claims and which is also expressly barred by *Heck*. Therefore, West's claim should be dismissed with prejudice until the *Heck* conditions are satisfied. *Johnson v. McElveen*, 101 F.2d 423, 424 (5th Cir. 1996); *see also Lavergne v. Harson*, 583 F. App'x 361 (5th Cir. 2014) (holding that the district court appropriately dismissed Lavergne's "*Heck*-barred claims with prejudice.")

### B.     The State of Louisiana as a Defendant

West named the State of Louisiana as a defendant in his § 1983 complaint.  However, West's claim against the State of Louisiana is barred by the Eleventh Amendment and must be dismissed because the State is absolutely immune from suit in federal court.

The Eleventh Amendment prevents federal courts from hearing cases by citizens of a State against their own State. *Pennhurst State Sch. And Hosp. v. Halderman,* 465 U.S. 89, 98

---

[3] West filed several successive habeas corpuses.  West filed his first habeas corpus petition on April 9, 1999.  The Report and Recommendation to deny the application for federal habeas corpus relief with prejudice was adopted by Judge E. Clement on August 10, 1999. *David West v. N. Burl Cain,* No. 2:99-cv-00589-EBC (E.D. La. filed August 10, 1999).

On March 2, 2011, West filed a successive petition for habeas corpus on the basis that he had newly discovered evidence regarding his case that proved his innocence**.**  *David West v. N. Burl Cain*, No. 2:10-cv-04622-KDE-ALC (E.D. La. filed March 2, 2011).  The petition was transferred to the United States Court of Appeals for the Fifth Circuit and on April 29, 2011, West's petition to file a successive habeas corpus petition was denied. *David West v. N. Burl Cain,* No. 2:10-cv-04622-KDE-ALC (E.D. La. filed April 29, 2011).

On October 23, 2013, West filed another successive petition for habeas corpus on the basis that the grand jury proceedings in his case were unconstitutional because they were conducted pursuant to specific local Orleans Parish laws that were later declared unconstitutional in *State v. Dilosa,* 848 So.2d 546, 548 (La. 2003).  *David West v. N. Burl Cain***,** No. 2:13-cv-06248-KDE-ALC, (E.D. La. filed October 23, 2013).  The United States Court of Appeals for the Fifth Circuit again denied West's petition, noting that this was his second time "attempting to obtain leave to file a successive application based on *Dilosa*." *David West v. N. Burl Cain*, No. 2:13-cv-06248-KDE-ALC, (E.D. La. filed April 16, 2014).   In that order, the Court further noted it had previously warned West that continuous filing of motions for successive habeas corpus applications would result "in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *Id.* at 2.  (citing *In re West,* No. 12-30572 (5th Cir. 2012)).

(1984); *Voisin's Oyster House, Inc. v. Guirdy,* 799 F.2d 183, 185 (5th Cir. 1986). A State may, nonetheless, expressly waive its Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways,* 780 F.2d 1268, 1271-73 (5th Cir. 1986); s*ee also McDonald v. Board of Miss. Leve Comm'rs,* 832 F.2d 901, 906 (5th Cir. 1987) ("[E]leventh amendment immunity is a jurisdictional issue that 'cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.'"). Although the Eleventh Amendment does not prevent suits against a State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662-663 (1974).

In this case, the State of Louisiana has not expressly waived its Eleventh Amendment sovereign immunity. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) states that "no suit against the State . . . shall be instituted in any court other than a Louisiana state court." This Court is without jurisdiction to consider West's claims against the State of Louisiana.

For the foregoing reasons, West's claim is barred by the Eleventh Amendment and should be dismissed as frivolous, for failure to state a claim upon which relief can be granted and for seeing relief against an immune defendant who has not expressly waived its right to suit.

### C.    City of New Orleans as a Defendant

West also named the City of New Orleans as a defendant. He seeks to hold the City of New Orleans liable for the violation of an undescribed policy or custom. (R. Doc. 4.)

A municipality can be a proper defendant in a § 1983 action. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694. The Supreme Court noted that local

governing bodies can be sued under § 1983 for "monetary, declaratory, and injunctive relief" only when the "action that is alleged to be unconstitutional implements or executes a policy . . . officially adopted or promulgated" by persons whose actions are representative of the policy. *Id.* at 690.

The United States Fifth Circuit Court of Appeals stated that for a municipality to be held liable under § 1983, the plaintiff "must allege that an official policy or custom was a cause in fact" of the alleged deprivation of rights. *Spiller v. City of Texas City, Police Dept.,* 130 F.3d 162, 167 (5th Cir. 1997). "To satisfy the cause in fact requirement" the plaintiff must allege that the custom or the policy was a "moving force" behind the constitutional violation or that the violation of rights "resulted from an execution of the policy or custom." *Id.* Further, the "description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory" and must allege specific facts. *Id.*

In this case, the allegation of municipal liability does not satisfy the foregoing requirements because West fails to allege any specific facts relating to a specific custom or policy implemented by the City of New Orleans, as distinct from the legislature, that was the alleged cause in fact of his deprivation of rights.  As a result, West has failed to satisfy the cause in fact requirement in order for the City of New Orleans to be held liable under § 1983. Therefore, the claim against the City of New Orleans is legally frivolous and should be dismissed.

### IV.     Recommendation

It is therefore **RECOMMENDED** that West's § 1983 claims against the State of Louisiana, the Orleans Parish District Attorney's Office, and the City of New Orleans be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim upon which relief

can be granted, and/or for seeking monetary relief against an immune defendant pursuant to 28 U.S.C. § 1915(e), § 1915(A), and 42 U.S.C. § 1997(e).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 16th day of July 2015.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**